MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JUAN J. RAMOS,<br><br>               Debtor(s). | Case No. 12-19385-B-13<br>Chapter 7 |
| AUGUST B. LANDIS,<br>Acting United States Trustee,<br><br>               Plaintiff,<br>v.<br><br>JUAN J. RAMOS,<br><br>               Defendant(s) | A.P. No. 12-01195-B-13 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING UNITED STATES TRUSTEE'S COMPLAINT TO (1) TO DISMISS
CHAPTER 13 CASE AND (2) TO ENJOIN DEBTOR
FROM FILING BANKRUPTCY FOR TWO YEARS**

On January 31, 2013, the Court's Status Conference came on for hearing on the United States Trustee's Complaint to (1) to Dismiss Chapter 13 Case and (2) to Enjoin Debtor from Filing Bankruptcy for Two Years.  Gregory S. Powell, Esq. appeared for the United States Trustee.  The Debtor appeared in propria persona. Having entered the default of the Defendant and reviewed the unopposed pleadings of the United States Trustee, the Court now issues the following findings of fact and conclusions of law.

RECEIVED
February 06, 2013
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004650265

1

**Finding of Facts**

1. Defendant, Juan J. Ramos, filed the Current Case in the Fresno Division on November 7, 2012.

2. Defendant filed 3 other bankruptcy cases in the 13 months prior to the Current Case in the Fresno Division: 11-60763-A-13 ("Case No. 1"), 12-12169-B-13 ("Case No. 2"); 12-17380-B-13 ("Case No. 3").

3. Case No. 1 was filed September 29, 2011 and dismissed October 11, 2011 for failure to file documents.

4. Case No. 2 was filed on March 13, 2012 and dismissed March 26, 2012 for failure to file documents.

5. Case No. 3 was filed on August 28, 2012 and dismissed September 17, 2012 for failure to file documents.

6. On the second page of the petition in the Current Case under "All Prior Bankruptcy Cases Filed Within the Last Eight Years" the Defendant left the box blank.

7. On November 26, 2012, this case was dismissed for failure to file documents.

**Conclusions of Law**

8. Under 11 U.S.C. §1307(c), the court may dismiss a case based on grounds of bad faith, which includes, but is not limited to (a) misrepresentation of facts in the petition or plan, (b) unfair manipulation of the Bankruptcy Code, (c) the debtor's history of filings and dismissals, and (d) timing petitions to frustrate state court actions.

9. Defendant's non-disclosure and serial filings constitute bad faith and warrant dismissal of the Current Case.

10. Defendant is a serial bankruptcy filer who has abused the bankruptcy system since at least September 11, 2011.

11. In the last 13 months, the Court has dismissed 3 previous cases filed by the Defendant.

12. Defendant's pattern of successive filings is evidence of his willful failure to prosecute his cases and abide by the Bankruptcy Code and Rules.

13. Defendant's sole purpose in filing his successive cases appears to be to invoke the automatic stay to hinder and delay his creditors.

14. Defendant's behavior constitutes abuse of the bankruptcy system, and without an order barring refiling, Defendant's creditors are at risk of further serial filings and abuse.

15. Defendant's failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose an 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1).

16. However, a 180-day bar is insufficient to protect Defendant's creditors from defendant who has been in bankruptcy since September, 2011 without one payment to his creditors.

17. Plaintiff has no adequate remedy at law.  Defendant's actions and omissions hinder the administration of justice and cause creditors and the bankruptcy system irreparable harm. Defendant will continue to abuse the bankruptcy process unless this court issues an injunction barring him from filing another bankruptcy case for two years.

## Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

1. The Defendant shall be barred from filing another Chapter 13 petition within two years from the November 26, 2012 the dismissal of this case, without leave of court.

//
//
//
//
//
//
//
//
//
//

2. Leave of court as referenced in paragraph 1, if any, may be sought by an *ex parte* order from the bankruptcy court upon a showing that (1) there has been a material change in circumstances, (2) the filing fee is paid in full, (3) complete schedules and statements are filed with the voluntary petition, and (4) reasonable assurances are made that the Defendant will appear at the section 341 meeting.

A separate order shall be entered.

Dated: Feb 11, 2013

_____
W. Richard Lee
United States Bankruptcy Judge

Efiled by Mark L. Pope
Direct Phone: (559)487-5002 Ext. 240
Email: Mark.Pope@usdoj.gov